UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jimmy P. Bodtke, II and
Trang N. Bodtke,

    Plaintiffs,

v.                 Civil No. 10-579 (JNE/AJB)
                   ORDER

Stryker Corporation and
Stryker Sales Corporation,

    Defendants.

  This action is one of many product-liability actions involving pain pumps that have been filed in the District of Minnesota presumably to take advantage of Minnesota's generous statute of limitations despite having no discernable connection to Minnesota. *See Fleeger v. Wyeth*, 771 N.W.2d 524, 525 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004). Plaintiffs Jimmy P. Bodtke, II and Trang N. Bodtke are citizens of Arkansas. Defendants Stryker Corporation and Stryker Sales Corporation are Michigan corporations with their principal places of business in Michigan. Jimmy Bodtke had shoulder surgery in Arkansas in December 2004. He and his wife now sue for damages they allegedly sustained from a pain pump that continuously injected anesthetic into his shoulder joint following the surgery. Because of this action's apparent lack of connection to Minnesota, the Court ordered the parties to brief the propriety of transfer under 28 U.S.C. § 1404(a) (2006). Plaintiffs oppose transfer. Defendants maintain that transfer to the United States District Court for the Eastern District of Arkansas is warranted.

  Other judges in the District of Minnesota have determined that transfer is warranted in cases presenting issues identical to those in this case. *See, e.g.*, *Smith v. Stryker Corp.*, Civ. No.

10-710, 2010 U.S. Dist. LEXIS 75046 (D. Minn. July 26, 2010); *Kunz v. DJO, LLC*, Civ. No. 10-712, 2010 U.S. Dist. LEXIS 75050 (D. Minn. July 26, 2010).  The Court agrees with the reasoning and conclusion of those cases.[1]  Consequently, for the convenience to the parties and witnesses and in the interests of justice, the Court transfers this action to the Eastern District of Arkansas.  Therefore, IT IS ORDERED THAT:

    1.    This action is transferred to the United States District Court for the Eastern District of Arkansas for further proceedings.

    2.    The Clerk of Court is directed to effect the transfer.

Dated:  August 11, 2010

                                                  s/ Joan N. Ericksen
                                                  JOAN N. ERICKSEN
                                                  United States District Judge

---

[1]  Plaintiffs claim that "fundamental fairness" requires that they be permitted to maintain this action in Minnesota because Jimmy Bodtke's injuries occurred after August 1, 2004, and "he cannot avail himself of the same safeguards extended to other plaintiffs commencing suit in Minnesota whose injuries occurred before this date."  The Minnesota legislature passed a new borrowing statute in 2004 that generally provides for application of the limitation period of the state whose substantive law governs an action.  *See* Minn. Stat. § 541.31 (2008); *Fleeger*, 771 N.W.2d at 528.  The new law applies to "claims arising from incidents occurring on or after August 1, 2004."  Minn. Stat. § 541.34 (2008).  Minnesota's limitation period would apply, however, if a court determines that the otherwise applicable state's limitation period substantially differs from Minnesota's and does not afford "a fair opportunity to sue upon, or imposes an unfair burden in defending against, the claim."  *Id.* § 541.33 (2008).  Because Plaintiffs filed suit in Minnesota, Minnesota's choice-of-law rules apply.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding a § 1404(a) transfer does not change the law applicable in a diversity case).  It makes no difference whether a federal district court in Minnesota or Arkansas determines which limitation period applies under those rules.