**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JIMMY P. BODTKE, II and**
**TRANG BODTKE**                                                    **PLAINTIFFS**

**V.**                                         **4:10CV1148 JMM**

**STRYKER CORPORATION and**
**STRYKER SALES CORPORATION**                          **DEFENDANTS**

<u>**ORDER**</u>

Pending is the Defendants' Motion to Dismiss.  Plaintiffs have responded and the

Defendants have replied.  For the reasons set forth below, the Motion is GRANTED in part and

DENIED in part.

Plaintiffs filed their Complaint in the District Court of Minnesota on March 1, 2010 and

amended the Complaint on August 11, 2010.  Upon a motion to transfer venue, the Minnesota

District Court transferred the action to this Court.

On December 2, 2004, Plaintiff Jimmy Bodtke (hereinafter "Bodtke") underwent

arthroscopic surgery on his left shoulder.  A pain pump designed, manufactured, marketed, and

sold by the Defendants was used by Bodtke's surgeon to continuously pump anesthetic into his

shoulder joint during the surgery and for a period of time after the surgery.  Within five months

Bodtke began to experience new pain in the same shoulder.  Since that time, Bodtke has

undergone five surgeries on his left shoulder, including a reconstruction of his left shoulder.

Plaintiff has been diagnosed with glenohumeral chondrolysis, which results in a complete or

nearly complete loss of cartilage in the shoulder joint.  The condition is irreversible.  After a visit

with his surgeon on November 17, 2007, Bodtke began to research his condition.  At that time,

Plaintiffs allege that they became aware that glenohumeral chondrolysis could be caused by the

use of Defendants' pain pump.

In the Amended Complaint, Plaintiffs allege the Defendants are liable for negligence, negligent misrepresentation, fraud, strict products liability, strict tort liability based upon failure to warn, breach of implied warranty, and loss of consortium.  Defendants ask the Court to dismiss the Amended Complaint because (1) the statute of limitations has run on Plaintiffs' claims, (2) Plaintiffs have failed to state specific facts to support their claims, (3) negligent misrepresentation is not recognized in Arkansas, and (4) lack of a legal basis for disgorgement of profits or attorneys' fees.

I.      Standards for Motion to Dismiss

The United States Supreme Court recently clarified the standard to be applied when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Id.* at 1964-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")).  Although "[g]reat precision is not required of the pleadings," the complaint should state how, when, and where the cause of action occurred.  *Gregory v. Dillard's Inc.,* 494 F.3d

694, 710 (8th Cir. 2007).  "So, when the allegations in a complaint, however true, could not raise

a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of

minimum expenditure of time and money by the parties and the court." *Bell Atlantic*, 127 S.Ct. at

1966 (internal citations omitted).  A motion to dismiss made pursuant to Rule 12(b)(6) may also

be granted when it appears on the face of the complaint that the claim is barred under the statute

of limitations.  *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004).

Allegations of fraud in a complaint must comply with Rule 9(b) of the Federal Rules of

Civil Procedure.  "[A] party must state with particularity the circumstances constituting fraud or

mistake."  Fed. R. Civ. P. 9(b).

> When pleading fraud, a plaintiff cannot simply make conclusory allegations.  In
> *Commercial Property Investments, Inc*., we listed several factors a court should examine
> in determining whether the 'circumstances' constituting fraud are stated with particularity
> under Rule 9(b).  These 'circumstances' include the time, place, and contents of the
> alleged fraud; the identity of the person allegedly committing fraud; and what was given
> up or obtained by the alleged fraud.

*Roberts v. Francis*, 128 F.3d 647, 651 (8th Cir. 1997)(quoting *Commercial Property Investments,*

*Inc. v. Quality Inns Int'l*, 61 F.3d 639 (8th Cir. 1995)).

II.     Statute of Limitations

Section 16-116-103 of the Arkansas Code provides that a product liability action "shall

be commenced within three (3) years after the date on which the death, injury, or damage

complained of occurs." Ark. Code Ann. § 16-116-103.  The Arkansas Product Liability Act's

three-year statute of limitations, not the Arkansas Uniform Commercial Code's (UCC)

limitations period, also governs a breach of warranty suit when damages for personal injury are

sought.  *See* Ark. Code Ann. §§ 4-2-725, 16-116-103;  *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d

1234, on rehearing 47 F.3d 311, certiorari denied 116 S.Ct. 66, 516 U.S. 814, 133 L.Ed.2d 28.

However, Arkansas courts apply the discovery rule to products liability actions.

> A cause of action accrues when the plaintiff first becomes aware of her condition, including both the fact of the injury and the probable causal connection between the injury and the product's use, or when the plaintiff by the exercise of reasonable diligence, should have discovered the causal connection between the product and the injuries suffered.

 *Uhiren v. Bristol-Myers Squibb Co., Inc*., 346 F.3d 824, 827-828 (8th Cir. 2003)(internal

quotations omitted).

Defendants contend that the statute of limitations on Plaintiffs' product liability and

breach of warranty causes of action has run and, therefore, the claims should be dismissed.

Plaintiffs, however, argue that Bodtke did not become aware of the cause of his condition until

November 2007.  The Complaint was filed in March 2010 within the three years required by the

statute of limitations.  Accepting the facts stated in the Amended Complaint as true, Defendants'

motion based upon the statute of limitations for Plaintiffs' product liability and breach of implied

warranty claims must be denied.

Arkansas' statute of limitations for fraud, negligence, and all tort actions is three years.

*See* Ark. Code Ann. § 16-56-105.  The limitations period begins to run on these claims at the

time the wrong occurs, not when it is discovered.  *Gibson v. Herring*, 975 S.W.2d 860, 862 (Ark.

App. 1998).  "However, when there have been affirmative acts of concealment, the statute begins

to run at the time the cause of action is discovered or should have been discovered by reasonable

diligence."  *Id.*  Plaintiffs allege in the Amended Complaint that the Defendants fraudulently

concealed the dangerous nature of its pain pumps by "affirmatively telling orthopedic surgeons

that pain pumps could be used in the intra-articular joint space."  (Am. Comp. At p. 12).  This

occurred even though the FDA had not approved an indication for use of the pain pump in the

joint space.  *Id.*  The Complaint goes on to list other evidence which could be construed as of

fraudulent concealment.  Therefore, the Court finds that Plaintiffs have stated sufficient

allegations to prevent their claims of fraud and negligence from dismissal based upon the statute

of limitations.  Because the Court has not dismissed the Plaintiffs' claims at this time based upon

the statute of limitations, the derivative claim for loss of consortium may also continue.  *See e.g.,*

*In re Air Crash at Little Rock, Arkansas,* 170 F.Supp.2d 861 (E.D. Ark. 2001).

III.     Failure to State a Claim

After review of the Amended Complaint, the Court finds that the Plaintiffs have provided

sufficient facts and allegations to state claims for relief that are plausible on their face.  Although

Plaintiffs have not cited all the specifics of their fraud claims, they have stated sufficient

information to put the Defendants on notice of the fraud claims against them.  Therefore, the

Court denies Defendants' motion under Rule 12(b)(6) and Rule 9(b).

IV.     Negligent Misrepresentation

The Arkansas Supreme Court does not recognize the tort of negligent misrepresentation.

*See South County, Inc. v. First Western Loan Co.*, 871 S.W.2d 325, 326 (Ark. 1994).  Therefore,

Plaintiffs' claim for negligent misrepresentation is dismissed.

The Court notes that Arkansas law recognizes the tort of constructive fraud.  "[T]he test

for constructive fraud, also called 'legal fraud' or 'fraud in law' has been defined as the making

of misrepresentations by one who, not knowing whether they are true or not, asserts them to be

true without knowledge of their falsity and without moral guilt or evil intent."  *Id.* at 327 (citing

*Cardiac Thoracic & Vascular Surgery P.A. Profit Sharing Trust v. Bond*, 310 Ark. 798, 840

S.W.2d 188 (1992); *Titan Oil & Gas Inc. v. Shipley*, 257 Ark. 278, 517 S.W.2d 210 (1974); *Lane*

*v. Rachel,* 239 Ark. 400, 389 S.W.2d 621 (1965); *Evatt v. Hudson*, 97 Ark. 265, 133 S.W. 1023 (1911)).

V.      Disgorgement of Profits and Attorneys' Fees

The Court further concludes that it is premature to determine whether Plaintiffs' request for disgorgement of profits and attorneys' fees, listed in their prayer for relief, should be stricken.

VI.      Conclusion

In summary, Defendants' Motion to Dismiss (Docket # 40) Plaintiffs' claim of negligent misrepresentation is GRANTED.  Defendants' Motion to Dismiss (Docket # 40) all other claims is DENIED.

IT IS SO ORDERED this 24th day of January, 2011.

James M. Moody
United States District Judge